UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

**UNITED STATES OF AMERICA**

-v-                                                                 03-10103-01-T

**JAMES COVERT SCHLITTER**

J. Patten Brown, FPD
Defense Attorney
200 Jefferson Avenue, Ste. 200
Memphis, TN 38103

---

### JUDGMENT PURSUANT TO RE-SENTENCING
(For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty to Counts S1 and S2 of the Superseding Indictment on September 03, 2004. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2252(a)(4)(B) | Possession of Materials Depicting a Minor Involved in Sexually Explicit Conduct | 10/22/2002 | S1 |
| 18 U.S.C. § 2252(a)(2) | Receipt of Materials Depicting a Minor Involved in Sexually Explicit Conduct | 10/22/2002 | S2 |
| 18 U.S.C. § 2253 | Forfeiture of One (1) E-Tower 466is CPU, (sn) QFT9CL0004744 | 10/22/2002 | S3 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and the Mandatory Victims Restitution Act of 1996.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No. 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
Defendant's Date of Birth: 02/12/1956
Deft's U.S. Marshal No.: 18738-076

Date of Imposition of Sentence:
October 21, 2005



Defendant's Mailing Address:
12400 Highway 79
McKenzie, TN 38201

*James D. Todd*
JAMES D. TODD
CHIEF UNITED STATES DISTRICT JUDGE

October 24, 2005

Case No: 1:03-10103-01-T   Defendant Name: James Covert Schlitter         Page 3 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **41 Months** as to each of counts S1 and S2, to run concurrently. As to count S3, criminal forfeiture will be implemented as governed by F.R.Cr.P. 32.2

The Court recommends to the Bureau of Prisons:

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the U. S. District Court Clerk's Office in the Order to Surrender.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at_____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

Case No: 1:03-10103-01-T   Defendant Name: James Covert Schlitter                Page 4 of 7

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** as to each of Counts S1 and S2 of the Superseding Indictment, concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall comply with the following standard conditions that have been adopted by this court.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthful all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

5. The defendant shall notify the probation officer **ten(10) days prior** to any change in residence or employment;

6. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

7. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

8.  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

9.  The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

10. The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

11. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

12. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

13. If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1.  The defendant shall participate as directed in a program (outpatient and/or inpatient) approved by the Probation Officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing for the detection of substance use or abuse.

2.  The defendant shall participate as directed in a program of mental health treatment, including a sexual offender treatment program, approved by the probation officer. You shall abide by the rules, requirements, and conditions of the treatment program, including submitting to polygraph testing, at your own expense, to aid in the treatment and supervision process. The results of the polygraph examination may not be used as evidence in Court to prove that a violation of community supervision has occurred but may be considered in a hearing to modify release conditions.

3.  You shall register with the state sexual offender registration agency(s) in any state where you reside, visit, are employed, carry on a vocation, or are a student, as directed by your probation officer. The probation officer will provide state officials with all information required under Tennessee sexual predator and sexual offender notification and registration statutes (F.S.943.0435) and may direct you to report to these agencies personally for required additional processing, such as photographing, fingerprinting, and DNA collection.

4.  You shall have no direct contact with minors (under the age of 18) without the written approval of the probation officer and shall refrain from entering into any area where children frequently congregate, including: schools, daycare centers, theme parks, playgrounds, etc.

5.  You are prohibited from possessing, subscribing to, or viewing, any video, magazine, or literature depicting children in the nude and/or in sexually explicit positions.

6. You shall not possess or use a computer with access to any online service at any location (including employment) without written approval from the probation officer. This includes access through any Internet service provider, bulletin board system, or any public or private computer network system. You shall permit routine inspection of your computer system, hard drives, and other medial storage materials, to confirm adherence to this condition. This inspection shall be no more intrusive than is necessary to ensure compliance with this condition. You shall inform your employer, or other third party who may be impacted by this condition, of this computer-related restriction and the computer inspection provision of the condition.

7. You shall submit to a search of your person, residence, place of business, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; you shall inform any other residents that the premises may be subject to a search, pursuant to this condition.

8. The defendant may not use sexually oriented telephone numbers or service.

9. The defendant may not date any woman who has custody of a child under the age of 18.

10. The defendant's place of residence may not be in close proximity to parks, playgrounds, public pools, or other locations frequented by children.

11. The defendant must receive advance approval from the probation officer prior to any change in employment or address.

12. The defendant shall cooperate with the United States Probation Office in the collection of DNA.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $200.00 | | |

The Special Assessment shall be due immediately.

## FINE

No fine imposed.

## RESTITUTION

No Restitution was ordered.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 88 in case 1:03-CR-10103 was distributed by fax, mail, or direct printing on October 26, 2005 to the parties listed.

Richard Leigh Grinalds
U.S. ATTORNEY'S OFFICE
109 S. Highland Ave.
Ste. 300
Jackson, TN 38301

J Patten Brown
FEDERAL PUBLIC DEFENDER
200 Jefferson Ave.
Ste. 200
Memphis, TN 38103

Honorable James Todd
US DISTRICT COURT